NAME Victoria-Joy Godwin   - pro se
702-560-9803      850-212-2618
PRISON IDENTIFICATION/BOOKING NO.
not applicable as of this writing
ADDRESS OR PLACE OF CONFINEMENT
5130 S Fort Apache RD #215-262
Las Vegas, Nevada 89148
Note:   If represented by an attorney, provide name, address & telephone
number. It is your responsibility to notify the Clerk of Court in
writing of any change of address.

"DDJ Related"

FILED
CLERK, U.S. DISTRICT COURT
MAR 17 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Victoria-Joy Godwin,
Toby Jean Chanel (pseudonym for writing scripts)
FULL NAME (Include name under which you were convicted)

LA

Petitioner,

v.

Ventura County District Attorney
NAME OF WARDEN, (or other authorized person having custody of petitioner)

Respondent.

CASE NUMBER:
CV    CV14   02034-JVS (CW)
To be supplied by the Clerk of the United States District Court

CR _____
Criminal case under which sentence was imposed.

**PETITION FOR WRIT OF HABEAS CORPUS**
~~A PERSON IN FEDERAL CUSTODY~~
(28 U.S.C § 2241)

LODGED
CLERK, U.S. DISTRICT COURT
MAR 12 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by *the petitioner, under p*enalty of perjury. You must set forth CONCISELY the answer to each question in the proper space on the form.  Any false statement of *a materi*al fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that ONE separate additional page is permitted in answering Question No.9.

Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor.  If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.  If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

When the petition is completed, the original and 3 copies, must be mailed to the Clerk of the United States District Court for the Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, ATTENTION: Intake/Docket Section.

Only one sentence, conviction or parole matter may be challenged in a single petition.  If you challenge more than one, you must do so by separate petitions.

CV-27 (02/05)   PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C § 2241)

PAID
MAR 17 2014
Clerk, US District Court
COURT 4612

083331

Page 1

Victoria - Joy Godwin   or
Toby Jean Chanel (pseudonym)
_____
Petitioner

Ventura County District Attorney
_____
Respondent(s)

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

I, Victoria-Joy Godwin _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes  ☑ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. ___Ø_____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. N/A  I was a missionary accepting donations from 2001-2012

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?   ☐ Yes  ☑ No
   b. Rent payments, interest or dividends?   ☐ Yes  ☑ No
   c. Pensions, annuities or life insurance payments?   ☐ Yes  ☑ No
   d. Gifts or inheritances?   ☐ Yes  ☑ No
   e. Any other sources?   ☑ Yes  ☐ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: SSI  Disability for partial blindness - $691 per month. Currently seeking shelter at Witness Protection or homeless shelter due to uncovering a scheme to defraud HUD which involves a State Court Judge.

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)* ☑ Yes  ☐ No

   If the answer is yes, state the total value of the items owned: $400

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes  ☑ No

   If the answer is yes, describe the property and state its approximate value: _____

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C § 2241)**

CV-27 (02/05)

2

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: ___N/A___

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on __March 8, 2014__     _Victoria Joy Godwin_
                  Date                        Signature of Petitioner

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $_____ on account to his credit at the _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution:

N/A

_____         _____
   Date               Authorized Officer of Institution

                      Title of Officer

CV-27 (02/05)    PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C § 2241)

3

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

Victoria-Joy Godwin )
)
*Petitioner* )
)
v. ) Case No. **LA CV14 02034 – JVS (CW)**
) *(Supplied by Clerk of Court)*
Ventura County District Attorney )
)
)
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

FILED
CLERK, U.S. DISTRICT COURT
MAR 1 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Victoria-Joy Godwin
   (b) Other names you have used: Toby Jean Chanel (pseudonym for writing scripts)
2. Place of confinement:
   (a) Name of institution: Ventura County via the entire world
   (b) Address: anywhere, USA

   (c) Your identification number: N/A

LODGED
CLERK, U.S. DISTRICT COURT
MAR 1 2 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

3. Are you currently being held on orders by:
   ☐ Federal authorities  ☐ State authorities  ☑ Other - explain:
   A 'fugitive warrant' allegedly exists from 2003
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you:

      (b) Docket number of criminal case:
      (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☑ Other *(explain):* Held under threat of imminent arrest anywhere in the world (see Exhibit A, affidavit done
   while incarcerated in a Florida jail from January 31, AD2014 - February 3, AD2014, awaiting extradition by
   Respondent, which never happened because release occurred before hearing on validity of said 'warrant'

4

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.  What are you challenging in this petition:

    ❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

    ❏ Pretrial detention

    ❏ Immigration detention

    ❏ Detainer

    ❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ❏ Disciplinary proceedings

    ☑ Other *(explain)*:   how an arrest can occur on a warrant that has been concealed for 10 years wherein Petition-
    er  had no notice or opportunity to cure but Respondent had 10 years to provide notice and opportunity to cure,
    and ignored all of them in order to continue the malicious harassment  because of a Title 42 action 20 years ago.

6.  Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court:   Ventura County District Attorney,  800 S. Victoria,  Ventura, CA
    93009

    (b) Docket number, case number, or opinion number:   unknown/secret (Star chamber?) Proceedings

    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

    how a 'warrant' can issue  after all claims have been settled and closed,  no notice was provided of any outstand-
    ing  charges or open accounts to allow settlement and closure,  and why the opportunity to extradite once
    petitioner was 'captured',  was rejected PRIOR to a Florida court determining the validity of the alleged 'warrant'

    (d) Date of the decision or action:   not known when alleged warrant was issued.
    See Florida Sheriff's Report - Exhibit D

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ❏ Yes   ☑ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court: _____

        (2) Date of filing: _____

        (3) Docket number, case number, or opinion number: _____

        (4) Result: _____

        (5) Date of result: _____

        (6) Issues raised:   Unable to raise any issues because of the secrecy of the 'warrant' which lay in wait
        to ambush Petitioner in spite of numerous letters Petitioner wrote to Respondent asking if there were any
        additional outstanding claims which Petitioner could settle and close,  particularly through the contact with
        San Diego County Probation Office,  who attempted a new offer at the request of Respondent.  See

5

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

Exhibit B, recent letter to San Diego County seeking their records, dated February 24, to which no response has been tendered.

(b) If you answered "No," explain why you did not appeal: no indication of outstanding claims/warrant that required settling and closing existed in any notice, records, or attempts by Respondent to locate and hold Petitioner accountable - blind-siding Petitioner, a 72-year-old partially blind woman, via the recent arrest.

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes            ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised: petitioner had no idea of the alleged outstanding claims having traveled throughout the world teaching how to honor all offers through full or conditional acceptance, Petitioner still had no idea that there was an alleged fugitive warrant, having successfully made two trips to Australia, one each to New Zealand, Canada, Mexico, and 47 of the 50 United States. since airports are renowned for checking identification against wanted lists. The traveling began in 2001 and has continued through the date of the recent arrest, which is why Petitioner is in Florida in the first place. See Exhibit C, a list of the cities to which Petitioner traveled and was highly visible via Internet announcements of the trips & seminars.

(b) If you answered "No," explain why you did not file a second appeal: after 10 years of traveling throughout the world, there appeared to be nothing to 'appeal', address, or settle honorably via fully accepting all claims, whether accurate or not because the Christ assumed full responsibility for debts not His and set the example.

9.   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes            ☐ No            *N/A*

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

6

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☐ No                    *N/A*

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:    there are no facts to be raised on appeal; the issue here is the law and proced-ure  questioning the denial of due process when the state agency ignores the requirements of notice and opportunity to cure out of a malicious intent to punish Petitioner for seeking redress in a title 42 action, which was authorized by the United States legislature as a viable remedy.

11.    **Appeals of immigration proceedings**
       Does this case concern immigration proceedings?
       ☐ Yes              ☐ No              N/A
       If "Yes," provide:
       (a)    Date you were taken into immigration custody:
       (b)    Date of the removal or reinstatement order:
       (c)    Did you file an appeal with the Board of Immigration Appeals?
              ☐ Yes              ☐ No
              If "Yes," provide:
              (1)  Date of filing:
              (2)  Case number:
              (3)  Result:
              (4)  Date of result:
              (5)  Issues raised:

       (d)    Did you appeal the decision to the United States Court of Appeals?
              ☐ Yes              ☐ No              N/A
              If "Yes," provide:
              (1)  Name of court:
              (2)  Date of filing:
              (3)  Case number:

8

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

       (4) Result: _____

       (5) Date of result: _____

       (6) Issues raised: _____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes     ☐ No     *N/A*

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

### Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** failure to provide notice and opportunity to cure via the concealment for 10 years of an alleged 'fugitive warrant' when the opportunities clearly existed in form and substance. Respondent failed to provide opportunity to cure and due process: (1) by substantiating the alleged fugitive warrant expressed to magistrate in 1992 or 1994 Title 42 action; (2) after San Diego County withdrew from the scheme to make a new offer in 2003; (3) by refusing to extradite in February 2014; (4) by ensuring that the 2014 hearing on the validity of the warrant did not happen in front of the Florida judge, who might see things for what they really are once the judge read Petitioner's affidavit establishing malicious harassment.

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

1 - All accounts were settled and closed on June 10, 2003, and petitioner was released; 2 - Respondent attempted to solicit the involvement of another County (San Diego) into inducing Petitioner into agreeing to a brand new offer, after Petitioner accepted and settled and closed the new account with the probation depart- MENT; 3 - petitioner redrafted San Diego Countywith a conditional acceptance upon proof of claim that the account with respondent was not settled and closed; 4 - San Diego County notified Petitioner that they withdrew their offer 5 - petitioner wrote to San Diego 2/24/14, (Exhib B) seeking records evidencing that transaction that has no reply.

(b)  Did you present Ground One in all appeals that were available to you?

☑ Yes        ☐ No

9



AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND TWO**:  the ' apparent'  date of the 'alleged' warrant is from 2003,  and that alone denies petitioner of due process since Petitioner, being a missionary, travels light  and  has very few possessions in storage, not-withstanding the fact that maintaining records over seven years is burdensome,  but that is a two-edged sword, the major tenets of law requiring the production or re-creation records also applies to Respondent.

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

1 - respondent has a duty to maintain all records which support the alleged warrant as long as said warrant is deemed viable and capable of depriving Petitioner of her liberty,  and the fact that Respondent refused to carry out the extradition suggests that they had no viable records which can be attested to by a party with personal knowledge; 2 -  Petitioner's extraordinary memory is memorialized in Exhibit A,  an affidavit which must be rebutt-ed  point by point by  a party with personal knowledge;3 - Petitioner's memory IS a record by a party with personal knowledge; 4 -  the report obtained by the Florida Sheriff's Department was nothing more than an untrustworthy observation by a clerk who claims to have seen a warrant,  but cannot testify to its validity,  rendering it unreliable,

(b) Did you present Ground Two in all appeals that were available to you?

☑Yes                    ☐No

**GROUND THREE**:  malicious intent underlies the refusal to correct the record due to  petitioner's attempts to petition for redress of grievances through the legislatively-approved Title 42 action filed in either 1992 or 1994, which was assigned to the Honorable Lourdes Baird,  judge,  and the Honorable Magistrate Brian Quinn Robbins both of whom recognized Petitioner's ability to substantiate the claims.  Reference Exhibit A again.

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

(1) Petitioner received actual death threats to herself and her church family, which forced abandonment of the Title 42 action, although the retaliation was evident in the treatment of Petitioner after the arrest in San Diego  in 2003; (2) Petitioner was classified as the worst of the worst and held under the most inhumane conditions; (3) attempts were made to keep Petitioner incarcerated for an extra three months by denying Petitioner's attempt to fully accept the charges and settle and close them in the private, falsely claiming to the judge that Petitioner wanted to fire her counsel, resulting in an order to hold Petitioner for another month for psychiatric examination which resulted in death threats from inmates; (4) Petitioner turned the other cheek to show peaceful resolution; (5) Petitioner was ambushed in 2014 by arrest on the alleged 'warrant(s)' but released after suffering loss of liberty unnecessarily, as evidenced by the 'quick' release; (6) Petitioner was deprived of opportunity to present affidavit to Florida judge, which could have corrected the record once and for all but release circumvented the hearing on validity of 'warrant(s)'; (7) Florida deputy sheriff said "These 'warrant(s)' may still be in the system.  They only called to say they were not coming to get you."

(b) Did you present Ground Three in all appeals that were available to you?

☑Yes                    ☐No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**   use of the warrant to compel or coerce Petitioner into a public remedy when  private remedy was available and possible in order to settle and close public debts without using debt instruments  which carry a negative charge and augment the National Debt,  which Petitioner considers  a sure-fire way to destroy this country outside of war.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

1 - use of public tender, i.e., notes, are promises to pay and not money of substance capable of discharging public debt on a par value dollar for dollar;  2 -  petitioner's insistence on accepting the charges for value created either an animosity toward Petitioner or a concerted effort to intimidate Petitioner into changing her mind through the use of incarceration and phony warrants;  3 - petitioner remained in incarceration an extra four months in order to pass the test,  to see if Petitioner  stood by her principles  to avoid creating more debt  to harm this nation, even if it meant more suffering on a personal level.  [When the judge saw that Petitioner was adamant, he demonstrated the first sign of respect Petitioner ever received from anyone in the County of Ventura.]

(b)  Did you present Ground Four in all appeals that were available to you?

☑Yes          ☐No          This applies to Ground Five also.

GROUND FIVE: (1) All accounts were settled and closed on June 10, 2003 and Petitioner was released from accountability; (2) Respondent attempted to solicit the involvement of another County (San Diego) into inducing Petitioner into agreeing to a brand new offer after Petitioner accepted and settled and closed the new account with the probation department; (3) Petitioner redrafted San Diego County with a conditional acceptance upon proof of claim that the account with Respondent was not settled and closed; (4) San Diego County notified Petitioner that they withdrew their offer; (5) Petitioner wrote to San Diego 2/24/14, (Exhibit B) seeking records evidencing that transaction that has no reply; (6) Respondent refused to extradite, depriving Petitioner due process; (7) Respondent ordered Petitioner released before the Florida judge could determine the validity of said 'warrant' once again denying Petitioner due process.

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    N/A

**Request for Relief**

15.  State exactly what you want the court to do:          (1) deem the alleged warrant(s) as invalid; (2) command that the records involving Petitioner's pseudonym, Toby Jean Chanel, be expunged as having been settled and closed in the private-as private settlement precluded public adjudication as such adjudication could give the impression that  Petitioner was refusing to accept responsibility; (3) enjoin Respondent from arresting Petitioner again unless an officer witnesses Petitioner committing an offense against society; (4) deem the 2014 arrest as unlawful and illegal and based on an inaccurate record founded in malice; (5) determine the record maintained from 2003 through today as an inaccurate record on the grounds that the private settlement precluded public adjudication; and, (6) declare the warrant(s) and incarceration of Petitioner was a violation of the Fourth Article in Amendment which prohibits false arrest and was utilized to compel Petitioner into a venue against Petitioner's will, i.e., into the public venue and the public methods of closing public claims, which is a violation of the 13th Article in Amendment.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  March 9, 2014

_Victoria Jay Godwin_
Signature of Petitioner

By: _Kelly Innsbruck Alexander_
Signature of Attorney or other authorized person, if any
Best Friend

12

Leon             county       )
                              )  Asseveration
the State of Florida          )
                              )  L.S. _____ {SEAL}
The united States of America )   only in capacity as beneficiary of the Original Jurisdiction

FIAT JUSTITIA, RUAT COELUM
Let Right Be Done, Though The Heavens Should Fall

I, Victoria-Joy Godwin, in correct public capacity as beneficiary to the Original Jurisdiction, being of majority in age, competent to testify, a self realized entity, a free woman upon the land, my yes be yes, my no be no, do state that the truths and facts herein are of first hand personal knowledge, true, correct, complete, certain, not misleading, so help me YHVH.

**AFFIDAVIT IN SUPPORT OF PETITION FOR HABEAS CORPUS
TO RESTORE LIBERTY ON 'ALLEGED WARRANT(S)' FROM VENTURA COUNTY**

1.  Affiant is of legal age and competent to testify;
2.  Affiant has first hand knowledge of the facts stated herein;
3.  Affiant's freedom was obstructed by 'alleged warrant(s)' from Ventura County California when Affiant was arrested on January 31, AD2014, in Leon County, Florida;
4.  Affiant's freedom is still in jeopardy due to said 'alleged warrant(s)' based on a statement which Affiant heard the Release Deputy make, which was: "these may still be in the system. They only called to say they would not be coming to get you;"
5.  Affiant was released on February 3, AD2014, without being extradited on an alleged warrant citing fugitive and no bail;
6.  Affiant was released without the opportunity to be held to answer by Ventura County California, in spite of the 'capture' of Affiant, denying Affiant of due process and the opportunity to cure;
7.  Affiant was released the day before the scheduled hearing, without the opportunity to be held to answer by Ventura County California in spite of the 'capture' of Affiant, wherein a local judge would determine the validity of the 'alleged warrant(s)', depriving Affiant of the opportunity to challenge the extradition proceedings via a petition for habeas corpus that Affiant notified the local judge Affiant intended to file with an affidavit in support, another denial of due process;
8.  Affiant recognizes the pattern and practice of Ventura County California to retaliate against parties who dared to petition for redress utilizing the legislatively-approved Title 42 civil rights action, as Ventura County California attempted to use the same excuse, i.e., a fugitive warrant, during the Title 42 action;
9.  Affiant knew nothing about the 'alleged warrant(s)' and therefore had no opportunity to appeal or conduct any other procedure for redress of grievances prior to the filing of this Petition;
10. Affiant has no other plain, speedy, or adequate remedy outside this Petition;
11. Affiant lives in great fear that the possibility of another arrest to ambush Petitioner remains as long as Ventura County California is not ordered to show cause through this Petition;
12. The danger of the further arrest of Affiant lies in the fact that local deputies, such as the one from Florida, will continue to mis-characterize what Affiant states as to what Affiant has knowledge of, which completely undermines Affiant's truth of the matter;

Page 1 of 4

*13*

13.    Affiant may be compelled into considering a petition for a writ of mandamus in Florida, in order to have the local deputy correct his affidavit of probable cause which contains the false statement that Affiant "advised she was aware of the warrant and extradition", which Ventura County California knew or should have known constitutes malicious and vexatious process through the maintenance of an inaccurate record that is now duplicated, since Affiant only knew of the 2003 warrant which was settled and closed, not of any current warrant;

14.    Affiant finds it difficult for anyone to contradict the word of a deputy sheriff when it is sworn to in an affidavit of probable cause, creating yet more evidence that a malicious and vexatious process is maintained against Affiant;

15.    Ventura County California has a duty to retain all records which support Ventura County's claim of a valid warrant until such time as said warrant no longer poses a threat to Affiant;

16.    Affiant sent Ventura County California numerous requests to correct the record between the time Ventura County induced San Diego County to make a new offer;

17.    Affiant recognizes that if Ventura County California cannot produce or re-create those records, this Court must construe contrary to the position of Ventura County California, i.e., that open accounts remain unsettled by Affiant;

18.    Affiant recognizes that the 10 year period over which Ventura County California has been concealing the alleged warrant(s)/open account, exceeds the seven-year period during which Affiant was required to maintain copies of those letters and any other records;

19.    Affiant calls this Court's attention to the fact that the failure to rebut this affidavit and/or the affidavit intended for the Florida court judge (included as Exhibit A to the Petition for Writ) stands as irrefutable evidence that the maintenance of the unsubstantiated 'warrant(s)' is evidence that the record of Ventura County is inaccurate and maintained for malicious purpose;

20.    Affiant attempted to obtain records from San Diego County regarding the new offer which was apparently prompted by Ventura County (otherwise there was no other way San Diego County could have known about the matter), but has been unsuccessful to date, once again invoking the tenet behind *Davila v. Shalala* [848 F. Supp] mandating that the Court must construe contrary to the position of the party fails to produce or re-create a record;

21.    Affiant does not consider that the tenet cited in #20 above applies to Affiant after seven years when Affiant has no notice that those records would be required after that length of time, although some of the records may still be in Affiant's storage;

22.    Affiant spent an extra four months incarcerated in Ventura County in 2003 in order to demonstrate Affiant's willingness to settle and close all open accounts, regardless of the validity or outrageousness of the claims, so long as Affiant was not compelled into a jurisdiction which required a non-viable remedy, such as compelling the use of public tender which has no value but extends the debts into the future as a promise to pay;

23.    Affiant has been out in the open advertising and conducting workshops on the principles of honor/dishonor, flying in and out of airports between 2001 and 2014 where Ventura County could have and should have notified agents to be on the lookout for the party identified in the 'alleged warrant(s)';

24.    In Ground One of the Petition, Ventura County demonstrates that the refusal to extradite and hold Affiant accountable, reflects the denial of due process through the opportunity to cure matters stemming from 20 years ago, and demonstrates a willing and knowing desire to harass, vex, and annoy Affiant by Ventura County officials;

25.    In Ground One of the Petition, Ventura County demonstrates that the refusal to permit a Florida County judge to determine the validity of the warrant(s) and the request for extradition, reflects the denial of due process by precluding an impartial judge from determining the validity of Ventura

*14*

County's 'process,' demonstrating a willing and knowing desire to harass, vex, and annoy Affiant by Ventura County officials;

26. Ventura County demonstrates a pattern and practice to punish Affiant for seeking redress via the Title 42 action filed decades ago;

27. Through the 70 workshops which Affiant has taught in 70 different cities around the world, Affiant has demonstrated that Affiant would fully accept and settle and close all charges initiated by any government agency rather than dishonor the claim even if unsubstantiated and outrageous, and has lived that way since 2001;

28. Because Affiant prefers honorable settlement and closure of any and all claims, Affiant would have honored any valid claim determined by the Florida judge, executed immediate settlement and closure, which would not have required extradition to be held to answer;

29. Affiant's release on February 3, AD2014, lies as evidence that Ventura County deliberately denied Affiant due process;

30. Ventura County's fraudulent process continues to harass and vex and annoy Affiant in a state court case where Affiant's reputation, based on the Florida arrest in January, has been besmirched before attorneys, judges, and friends;

31. In Ground Two, Affiant demonstrates the willful maintenance of an inaccurate record by Ventura County, since the report to the Florida sheriffs was predicated upon a clerk who read a record and did not have personal knowledge of the information contained in said record;

32. Just as Magistrate Brian Quinn Robbins demanded (during the Title 42 action) that Ventura County either produce a valid warrant or a court order signed by a judge in order to substantiate the claim that Affiant was a fugitive from justice, this Court can proceed on nothing less;

33. Just as the teletype report received by the Florida sheriffs indicated that Ventura County confirmed the warrant and stated "WE WILL EXTRADITE" in two places, giving the Florida sheriffs assurances to be relied upon, Ventura County once again demonstrated the malicious intent behind having Affiant arrested, because the Sheriff's deputies made contact with Ventura County before effecting the arrest;

34. Without this Court's intervention, Affiant stands to be arrested in every city around the world, and lose her liberty to an entity who refuses to extradite for whatever reason, creating a permanent sentence of loss of liberty, to be served in the absence of charges and due process;

35. Affiant, now 72 years old and partially blind, suffered during that unnecessary and unwarranted incarceration and is subject to perpetually being thrust into jails anywhere in the world while the arresting agency presumes extradition will occur as promised;

36. In Ground Three, the Petition reflects the malicious actions of Ventura County via the release of Affiant before a hearing on the validity of Ventura County's process which could have made the determination that this Court is now requested to make, creating a delay, which is also a denial of due process because Affiant could have been arrested again in the interim;

37. The fear that this threat of arrest generates cannot be measured in monetary damages, particularly because of Affiant's age and physical condition, reflecting the malicious nature of Ventura County's alleged process;

38. In Ground Four, Affiant reflects the intimidation and oppression by Ventura County through the violation of the 13th Article in Amendment, which has already resulted in the prolonged incarceration of Affiant for simply electing to settle and close all charges through full acceptance for value, which Ventura County has no authority to compel such a violation;

39. Affiant has also demonstrated that Ventura County's process of maintaining and substantiating 'warrants' creates an inaccurate record that the account has not been settled and closed, which deprives Affiant of choosing the alternative remedy to being compelled into using debt instruments which do not settle and close any open accounts, but merely extends the debt into the future as a promise to pay, which is a violation of the 13th Article in Amendment;

40.    Affiant encloses as Attachment A to this Petition, photographs of the brutality exerted upon Affiant by Ventura County agents named in the Title 42 action, which appalled Judge Lourdes Baird and Magistrate Brian Quinn Robbins, as quoted in Exhibit A which was intended for the Florida judge and is attached following this Petition and its Affidavit in Support;

41.    Refusal of Ventura County to seize the opportunity to substantiate their process which restricts Affiant's liberty, either through extradition or the Florida court determination hearing, must be construed as a 'life sentence' which Affiant is serving in the absence of valid charges and due process, and must be vacated and expunged by this Court forthwith;

Further, Affiant saith not.


DATED: the___9th__ day of the __Third___ month, in the year of our Lord, Two thousand and fourteen,

[ March 9,  AD2014] near Tallahassee, Florida.

I certify under penalty of perjury and my full commercial liability that the above affidavit is true, correct, complete, certain, and not misleading.


_____SEAL
Victoria-Joy Godwin

Page 4 of 4

16



Attachment A

17



Attachment A

17



FIAT JUSTITIA, RUAT COELUM
*Let Right Be Done, Though The Heavens Should Fall*

I, Victoria-Joy Godwin, Affiant, in correct public capacity as beneficiary to the Original Jurisdiction, being of majority in age, competent to testify, my yes be yes, my no be no, do state that the truths and facts herein are of firsthand personal knowledge, **true, correct, complete, certain, and not misleading**, so help me God, YHWH.

# AFFIDAVIT

1. The Alleged warrant is for good cause, but is for purposes of harassment for filing of 1992 Title 42 action for civil rights violations in Ventura County and to obstruct and delay Leon County Court Case # 2013-CC-4103.

2. Affiant, hereinafter the undersigned (U/S) has not seen or been presented with any material facts or evidence that the (U/S) did not display photographs of 14 black and blue marks (ranging from 4" x 3" in size) to Judge Lourdes Baird, US District Court Central Division of California in Ventura County (hereinafter V/C) only to hear Judge Baird comment after V/C's attorney said the bruises were due to the U/S falling out of bed,
"She must have bounced 90 times after falling!!", and believes that none exists;

3. The U/S has not seen or been presented with any material facts or evidence that the V/C attorney defending the title 42 did not try to hijack the U/S's's pending motion by claiming the U/S was a fugitive from justice, and believes that none exists;

4. The U/S has not seen or been presented with any material facts or evidence that Magistrate Brian Quinn Robbins did not ask the V/C attorney to see the warrant and then commented, "this is over 6 months old", and believes that none exists;

5. The U/S has not seen or been presented with any material facts or evidence that V/C's attorney did not then tell the magistrate he would have his secretary fax a new warrant with today's date on it (then current in 2003), and believes that none exists;

6. The U/S has not seen or been presented with any material facts or evidence that when the U/S pointed out this flaw in his argument, magistrate Robbins did not order the V/C attorney to produce a valid warrant or court order signed by a judge in 10 days and the U/S would have 10 days to respond, and believes that none exists;

7. The U/S has not seen or been presented with any material facts or evidence that the U/S did not then raise her hand, even after the magistrate gave her a look that said ' be careful, we both know I asked them for something they cannot produce' [ reference results in # 60 below], and believes that none exists;

8. The U/S has not seen or been presented with any material facts or evidence that the U/S did not then ask, " is this court prepared to take any action if they provide a falsified document?", and believes that none exists;

**EXHIBIT A**

19

9. The U/S has not seen or been presented with any material facts or evidence that the Magistrate did not then reply as follows, "If anyone submits a falsified document, this Court is prepared to take it to the DA's office for possible prosecution", and believes that none exists;

10. The U/S has not seen or been presented with any material facts or evidence that V/C did not then begin a massive campaign of harassment at the U/S's church and with friends which resulted in a death threat "if she continues, she won't live to tell about it", and believes that none exists;

11. The U/S has not seen or been presented with any material facts or evidence that the U/S did not leave the area in fear until the police arrested her in San Diego on 2-13-2003, and believes that none exists;

12. The U/S has not seen or been presented with any material facts or evidence that after 4 months of trying to get the Public Defender to not argue, but do a full acceptance for settlement and closure on the account the judge did not close both cases and order the U/S released on 6-9-2003, and believes that none exists;

13. The U/S has not seen or been presented with any material facts or evidence that instead of releasing the U/S, V/C did not claim that a snafu only showed 1 case as closed and re-incarcerated the U/S back to female housing (at approx 4am) contrary to court order, and believes that none exists;

14. The U/S has not seen or been presented with any material facts or evidence that the next morning the Public Defender did not notice the U/S's call came in on the jail line and screamed, "What are you still doing in there?–Give me a minute to fix this!", and believes that none exists;

15 The U/S has not seen or been presented with any material facts or evidence that within an hour, the U/S was not out of the jail and at the probation office with forms to fill out and return 3 days later, requiring friends from LA to drive to pick the U/S up in San Diego to drive her to Ventura, and believes that none exists;

16 The U/S has not seen or been presented with any material facts or evidence that the meeting with the probation officer and the U/S did not settle and close the probation account terms, with the officer insisting on the supervisor serving as a witness to the handshake agreement that supervised probation was nigh impossible and unnecessary, and believes that none exists;

17. The U/S has not seen or been presented with any material facts or evidence that the U/S did not stipulate that requesting travel permission was unnecessary as the officer was informed in a subsequent letter how the U/S's missionary schedule was rapidly filling (the U/S conducted 70 honor/dishonor workshops all over the USA, Canada, Australia, New Zealand, and Mexico), and believes that none exists;

20

18. The U/S has not seen or been presented with any material facts or evidence that the U/S did not fly to approximately 60 of those locations via airports surveilling for announced fugitives, and believes that none exists;

19. The U/S has not seen or been presented with any material facts or evidence that sometime in late Sept. or Oct. of 2003 the U/S did not receive a letter from the San Diego probation officer asking if the U/S wanted to work out a probation agreement with San Diego County, and believes that none exists;

20. The U/S has not seen or been presented with any material facts or evidence that U/S did not immediately send a Conditional Acceptance of the offer (honor re-draft) asking if that would be a 'new contract' as the agreement with V/C was settled and closed,

21. The U/S has not seen or been presented with any material facts or evidence that sometime later the San Diego probation office did not write stating it did not want to participate any further, and believes that none exists;

22. The U/S has not seen or been presented with any material facts or evidence that the U/S was not readily accessible to V/C all this time (since the 6-10-2003 release date through San Diego County's involvement at the U/S's address San Diego used), and believes that none exists;

23. The U/S has not seen or been presented with any material facts or evidence that if V/C determined probation violations occurred, V/C did not have 3-4 months to give notice and opportunity to cure, then there is no justification for V/C to ambush the U/S at this time as this failure to notice the U/S and provide opportunity to cure was bypassed for the 10 years the U/S was in contact with San Diego County and while the U/S traveled with her missionary duties, and believes that none exists;

24. The U/S has not seen or been presented with any material facts or evidence that the U/S did not rightfully consider all claims of V/C settled and closed in the absence of sufficient notice rendering the alleged warrant without probable cause, and believes that none exists;

25. The U/S has not seen or been presented with any material facts or evidence that should V/C submit an affidavit from a person having personal knowledge which refutes all declarations presented herein, this Court should not deem the controversy as ripe for adjudication with the party found to be not credible going to jail for a long time, and believes that none exists;

26. The U/S has not seen or been presented with any material facts or evidence that V/C does not or should not know the definition of double jeopardy, and believes that none exists;

27. The U/S has not seen or been presented with any material facts or evidence that V/C does not or should not know the definition of due process, and believes that none exists;

28. The U/S has not seen or been presented with any material facts or evidence that V/C does not or should not know the ramifications of racketeering activity, and believes that none exists;

29. The U/S has not seen or been presented with any material facts or evidence that V/C does not or should not know the penalties for maintaining an inaccurate record especially since the U/S requested corrections numerous times, and believes that none exists;

30. The U/S has not seen or been presented with any material facts or evidence that this petition for Habaes Corpus does not remove the burden from Leon County for determining the validity of the alleged 'warrant' and the affidavit of probable cause and shift that liability where it properly belongs so a Data Integrity Board Head, pursuant to 552 USC (a), has admissible evidence to weigh prior to sustaining or not sustaining anything that each party has submitted, and believes that none exists;

31. The U/S has not seen or been presented with any material facts or evidence that the Court that will rule on the Habeas Corpus does not have a duty to recognize the tenet behind Davila  v. Shalala 848 F. Supp 1141 which provides 'he who fails to provide or recreate a record must anticipate the courts to construe contrary to his position', and believes that none exists;

32. The U/S has not seen or been presented with any material facts or evidence that the U/S's highly visible missionary activity does not demonstrate the lack of intent to hide as a fugitive especially in light of the U/S's reporting of suspicious activity to local, state, and federal agencies, and believes that none exists;

33. The U/S has not seen or been presented with any material facts or evidence that if the U/S considered hiding for 1 minute,  the U/S would never have reported  two major corporations for bribing a judge  and two Florida corporations for conspiring to defraud HUD, thereby attempting to preserve the reputation of honest judges and officials, and believes that none exists;

34. The U/S has not seen or been presented with any material facts or evidence that the attorney (for the Florida corporations) conspiring to defraud HUD did not, in an effort to silence the U/S in Leon County Case #  2013-CC-4103 by seeking defamatory information against the U/S and jumped headlong into the inaccurate record created by V/C, and believes that none exists;

35. The U/S has not seen or been presented with any material facts or evidence that a recent date on so called 'warrant' should not be deemed by the court receiving the extraordinary writ as evidence of the collusion, conspiracy, and attempt to defraud the state of Florida's judicial system  by obstructing the U/S's counter claim #2013-CC-4103, and believes that none exists;

36. The U/S has not seen or been presented with any material facts or evidence that the U/S's acts in reporting miscreants behavior, whether committed by the man in street or one who has taken an oath of office, is not evidence of the U/S's dedication to her duty to assist officials in doing their job, but also that the U/S does not tolerate those who do commit miscreant behavior, regardless of status, making her a marked woman to be silenced by any means, and believes that none exists;

37. The U/S has not seen or been presented with any material facts or evidence that extraditing the U/S back to the hands of those who carry a vendetta against the U/S must not be deemed as

joining parties who wield the power with which they were entrusted for the wrong purpose, and believes that none exists;

38. The U/S has not seen or been presented with any material facts or evidence that holding the U/S behind bars beyond today is not granting the criminal element who has already broken in to the U/S's apartment to steal evidence and obstruct the U/S's ability to gather and report evidence to the FBI, HUD, and health inspectors is tacit permission to proceed while also discouraging citizens who see something to say something the antithesis of a working relationship in a government of the people, by the people, and for the people, and believes that none exists;

39. The U/S has not seen or been presented with any material facts or evidence that this Court should not take judicial Notice of Davila v. Shalala 848 F. Supp 1141 to decide whether the 'warrant' was coincidence, happenstance, or a bold decision to silence and obstruct the U/S's pursuit of justice, and believes that none exists;

40. The U/S has not seen or been presented with any material facts or evidence that every day the U/S is kept from securing the 600 + photographs and 3rd party letters from Federal agents is not inadvertently an uphill battle once HUD's Inspector General requests that evidence, and believes that none exists;

41. The U/S has not seen or been presented with any material facts or evidence that when the U/S, who sits in on Florida Supreme Court arguments, heard Justice Perry quote "What is the innocent explanation for that, for if there is none the opposite must be presumed?!", the US was not able to discern why the adverse party in case # 2013-CC-4103, oppressed the elderly at Westminster Gardens apartments and wanted to silence the U/S, and believes that none exists;

42. The U/S has not seen or been presented with any material facts or evidence that the U/S is not requesting of the extraordinary writ judge the innocent explanation as to why V/C's probation office failed to notify the U/S at the 1st violation of probation as there is no other remedy available which would not endanger the U/S, and believes that none exists;

43. The U/S has not seen or been presented with any material facts or evidence that notification of a 2nd or 3rd alleged violation was not mandatory before a violation can be claimed, and believes that none exists;

44. The U/S has not seen or been presented with any material facts or evidence that there can be a claim of violation without an opportunity to cure, and believes that none exists;

45. The U/S has not seen or been presented with any material facts or evidence that the U/S is not requesting the writ judge seek the innocent explanation how the widespread advertisements for the U/S's workshop on how not to violate man's law while honoring God's law escaped the notice of V/C for over 10 years (10 days maybe, 10 months possibly), and believes that none exists;

23

46.  The U/S has not seen or been presented with any material facts or evidence that the judge who signed the warrant did not or should know the U/S's history with V/C, and believes that none exists;

47.  The U/S has not seen or been presented with any material facts or evidence that if Judge Purcell was one of the judges the U/S offended during her pre-honor/dis-honor understanding, he should have recused himself, and believes that none exists;

48.  The U/S has not seen or been presented with any material facts or evidence that if the warrant is insufficient within the 4 corners of the document, this Court should not order the release of the U/S forthwith, and believes that none exists;

49.  The U/S has not seen or been presented with any material facts or evidence that each day the U/S is held without probable cause, the liability for V/C's damages does not shift proportionately if the Habaes Corpus grants more than 3 days to show cause, and believes that none exists;

50.  The U/S has not seen or been presented with any material facts or evidence that there is any evidence the U/S did not attempt private administrative process [via tenets of OK Corp. v. Williams 461 F. Supp 540] prior to seeking judicial review, all of which processes were ignored by V/C, and believes that none exists;

51.  The U/S has not seen or been presented with any material facts or evidence that there is any authority granted to V/C by the people or the legislature enabling V/C to secrete 'warrants' until the time for ambush is ripe, and believes that none exists;

52.  The U/S has not seen or been presented with any material facts or evidence that V/C when responding to the writ to produce the body has any power to conceal exculpatory evidence, and believes that none exists;

53.  The U/S has not seen or been presented with any material facts or evidence that it is irrelevant that the US Attorney of Tallahassee found what the U/S uncovered regarding evidence of RICO is worthy of submission to FBI, and believes that none exists;

54.  The U/S has not seen or been presented with any material facts or evidence that V/C did not or should not have known of the inaccurate record being maintained and being viewed by others relying on it as detrimental to them and the U/S, and believes that none exists;

55.  The U/S has not seen or been presented with any material facts or evidence that V/C did not or should not have known of the legislative intent mandating accurate records rendering a deliberate intent to harm the U/S, and believes that none exists;

56.  The U/S has not seen or been presented with any material facts or evidence that the U/S did not become embroiled with V/C, not as a hardened criminal but due to California Vehicle Code: 260 (a) and (b) which provides that 'a commercial vehicle is of a type to be registered and a passenger vehicle is not a commercial vehicle' using the logic learned from performing geometry proofs, and believes that none exists;

57. The U/S has not seen or been presented with any material facts or evidence that the alleged 'forgery' charges did not stem from an honest attempt to set off and close a public account as the only remedy remaining to people in a system that removed money having substance, and believes that none exists;

    58. The U/S has not seen or been presented with any material facts or evidence that the reasonable man test does not identify the U/S as one who has studied to promote the country as a nation of laws, as a law-breaker herself, and believes that none exists;

    59. The U/S has not seen or been presented with any material facts or evidence that pursuant to the legal definition of conspiracy, where fellow co-conspirators do not know one another or the role the others play, V/C and counter defendant's in case # 2013-CC-4103 do not share the goals to harm and silence the U/S via the alleged warrant in question, and believes that none exists;

60. The U/S has not seen or been presented with any material facts or evidence that Magistrate Robbins was not on point when he ordered V/C to produce a valid warrant or court order signed by a judge as the only thing V/C filed into the record of the Title 42 suit was an affidavit by a deputy court clerk swearing she saw a warrant in the file, demonstrating V/C's pattern and practice of using fraudulent warrants for people they want to intimidate, and believes that none exists;

61. The U/S has not seen or been presented with any material facts or evidence that Leon County Sergeant Tate and Deputy Smith did not indicate they relied on confirmation by a deputy court clerk although at no time did the U/S ever tell deputy Smith she was aware of the warrant or that the charges were 'dropped' as stated in this probable cause affidavit, and believes that none exists;

62. The U/S has not seen or been presented with any material facts or evidence that Probation records, even in the form of letters not in the formal record, should not remain archived and readily accessible especially when replete with exculpatory evidence for as long as the 'warrant' is touted as being viable, eliminating the possibility of due process violations predicated upon presumptions broken by this affidavit (unrebutted with the high probability the presumptions will remain so as the U/S certifies under her full commercial liability and penalties of perjury requiring reciprocity to the truth of this affidavit), and believes that none exists;

63. The U/S has not seen or been presented with any material facts or evidence that the U/S would not rather be shot and killed by a Leon County deputy then be returned and subjected to the type of torture described in the 1992 Title 42 suit against V/C, and believes that none exists;

64. The U/S has not seen or been presented with any material facts or evidence that the tenet which mandates to construe contrary to the position of the party who fails to produce or recreate a record is not applicable to V/C's failure to deliver probation records, since incomplete records, by nature are inaccurate, and accurate records are the stalwart of due process, rendering a 'snafu' on the 2nd release charge inaccurate, and believes that none exists;

25

65. The U/S has not seen or been presented with any material facts or evidence that  further evidence of the U/S's practicing of what she teaches does not lie in the  4 months the U/S spent in  trying to settle the claims honorably rather then plead 'not guilty' and fight (argue) the charges from the outside as Christ accepted and died for charges that were not his (our sins), and believes that none exists;

66. The U/S has not seen or been presented with any material facts or evidence that  the U/S did not repeatedly express shock at being blindsided by such a warrant for reasons stated above and the fact that the U/S has not repeated 'forgery' as promised in the probation agreement, and believes that none exists;

67. The U/S has not seen or been presented with any material facts or evidence that  it is not the primary raison de etre' of all governments to maintain the health, welfare, and safety of the people which can never be superseded by a reciprocal extradition treaty when fear for the U/S's life is at stake, and believes that none exists;

Further Affiant/U/S saith not.

## Jurat

State of Florida          )
                          )
County of   Leon     )

Signed and sworn to, before me on this      2nd      day of   February, AD2014

Victoria-Joy Godwin                                    *Victoria-Joy Godwin*
By_____          _____
   Name of party making statement.          Signature


_____
Notary Signature


* This affidavit was typed and personally witnessed via IC Solutions telephone call by Kelly Alexander on behalf of Victoria Joy Godwin for dissemination to all relevant parties while Ms. Godwin is awaiting the services of a notary  and the Public Defender at the Leon County Jail

26

Victoria-Joy Godwin
E. Carolina #202
Tallahassee, FL 32301
(702)560-9803; joyscripts@gmail.com


San Diego County Probation Office Administration
Walter Ekard, Chief
330 W. Broadway
San Diego, California

February 22, AD2014

Dear Mister Ekard,

May I please inquire as to how long you archive records? I am seeking a series of letters that was exchanged between me and your department when I lived in El Cajon, California (actually Flinn Springs) on Olde Highway 80 in 2003. I am not sure if I was still receiving mail at a P.O. Box in El Cajon at that time, but I believe your records search would by by name anyway.

An urgent series of events has created a need for me to have your department locate those records as soon as possible and email them to me at the above address. I am enclosing a copy of my passport, but at that time, I was writing movie scripts under the name of Toby Jean Chanel, and that is the name the Ventura County Probation Department had in their records when they contacted you to see if I would be willing to sign a new contract with San Diego County.

If it will help, your department wrote to me sometime after June 2003, my recollection is that it was sometime in September or October. Because I am now 72 years old and partially blind, I am living on $690 a <u>month</u>, but would be able to borrow money to pay for a records search, if you will call me at the above number and tell me how much the search will cost you.

Because my freedom/liberty is at stake, and your records are critical in my planned habeas corpus action, I beg you for as fast up a response as you can possibly give, even if it is to email me a message saying you no longer have those records. While I find that unlikely, at least I would have something to attach to my habeas corpus petition which reflects that I made a serious attempt. My records are in storage in Chula Vista and because I am in Florida right now and do not have any money, you are my last resort.

Thank you for your time and effort on my behalf.

Sincerely, /s/

Victoria-Joy Godwin

**EXHIBIT B**
27

List of cities where Petitioner traveled to (via airports) teaching Honor/Dishonor-Internet announcements were posted:

| | | |
|---|---|---|
| 1. | Escondido, Calif | October/2001 |
| 2. | Salt Lake City, Utah | February/2002 |
| 3. | Orlando, Florida | February/2002 |
| 4. | Portland, Oregon | February/2002 |
| 5. | Idaho Falls, Idaho | April/2002 |
| 6. | Billings, Montana | April/2002 |
| 7. | Portland, Oregon | April/2002 |
| 8. | Rochester, NY | June/2002 |
| 9. | Burbank, Calif. | August/2002 |
| 10. | Raleigh, N.C. | Sept/2002 |
| 11. | Las Vegas. Nevada | September/2002 |
| 12. | Chattanooga, Tennessee | October/2002 |
| 13. | Cleveland, Ohio | October/2002 |
| 14. | San Diego, Calif | November/2002 |
| 15. | Burbank, California | November/2002 |
| 16. | Colorado Springs, Colorado | November/2002 |
| 17. | Seattle, Washington | December/2002 |
| 18. | Los Angeles, California | August/2003 |
| 19. | Cleveland, Ohio | August/2003 |
| 20. | Anchorage, Alaska | September/2003 |
| 21. | Boston, Mass. | September/2003 |
| 22. | Daytona Beach, Florida | October/2003 |
| 23. | San Francisco, California | October/2003 |
| 24. | Seattle, Washington | November/2003 |
| 25. | San Diego, California | February/2004 |
| 26. | Orlando, Florida | April/2004 |
| 27. | Phoenix, Arizona | April/2004 |
| 28. | Las Vegas, Arizona | May/2004 |
| 29. | San Francisco, California | May/2004 |
| 30. | Boston, Mass. | May/2004 |
| 31. | San Diego, California | June/2004 |
| 32. | Colorado Springs, Colorado | July/2004 |
| 33. | Albuquerque, New Mexico | August/2004 |
| 34. | Ft. Collins, Colorado | August/2004 |
| 35. | Ft. Lauderdale, Florida | February/2005 |
| 36. | Flint, Michigan | April/2005 |
| 37. | Newark, New Jersey | May/2005 |
| 38. | San Jose, California | September/2005 |
| 39. | Chico, California | October/2005 |
| 40. | Perth, **Australia** | October/2005 |
| 41. | Adelaide, **Australia** | November/2005 |
| 42. | Auckland, **New Zealand** | November 2005 |
| 43. | San Diego, California | February/2006 |
| 44. | Cleveland, Ohio | March/2006 |
| 45. | Las Vegas, Nevada | March/2006 |
| 46. | Brisbane, **Australia** | April/2006 |
| 47. | Perth, **Australia** | April/2006 |
| 48. | Perth, **Australia** | May/2006 |
| 49. | Perth, **Australia** | May/2006 |
| 50. | Brisbane, **Australia** | May/2006 |
| 51. | Perth, **Australia** | June/2006 |

28

| | | |
|---|---|---|
| 52. | Brisbane, **Australia** | June/2006 |
| 53. | Cleveland, Ohio | June/2006 |
| 54. | Las Vegas, Nevada | July/2006 |
| 55. | San Diego, California | August/2006 |
| 56. | Pittsburgh, Pennsylvania | August/2006 |
| 57. | Houston, Texas | September/2006 |
| 58. | Phoenix, Arizona | September/2006 |
| 59. | Las Vegas, Nevada | October/2006 |
| 60. | Guadalajara, **Mexico** | December/2006 |
| 59. | Los Angeles, Calif | March/2007 |
| 60. | Columbia, SC | Sept/2007 |
| 61. | Toronto, Ontario, **Canada** | November/2007 |
| 62. | Minneapolis, MN | September/2008 |
| 63. | Ft. Worth, TX | November 2008 |
| 64. | Knoxville, Tennessee | April/2009 |
| 65. | Los Angeles, California | July/2009 |
| 66. | Los Angeles, California | August/2009 |
| 67. | Burbank, California | March/2010 |
| 68. | Baltimore, MD | April/2010 |

# SECOND JUDICIAL CIRCUIT
## ARREST/PROBABLE CAUSE AFFIDAVIT

1/3

| [x] Adult [ ] Juvenile | Arrest Datetime 01/31/14 17:33 | Arrest Location 301 E CAROLINA ST | | Agency Report# 140011560 | OBTS# | | SPN# | | Court Case# |
|---|---|---|---|---|---|---|---|---|---|

| Defendant's Full Name (Last, First, Mid., Suffix) CHANEL, TOBY J | | D.O.B. 01/07/1942 | Race W | Sex F | Height 506 | Weight 175 | Hair GRY | Eye HAZ |
|---|---|---|---|---|---|---|---|---|

| Aliases VICORIA-JOY GODWIN | DL Number | DL State SSN # | Place of Birth PA | Patrol Zone NE |
|---|---|---|---|---|

| Local Address 301 E CAROLINA ST TALLAHASSEE 32301 | Local Home# (850)212.2618 | Local Work# (256)347.9962 | Occupation/Employer/School RETIRED |
|---|---|---|---|

| Permanent Address | Permnt. Home# | Scars, Tattoos, Unique Physical Features |
|---|---|---|

| # | Co-Defendant's Full Name | D.O.B. | Sex | Race | Arrested | Offense Level |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |

| # | FDLE Statute | Ref# | L/D | Charge Literal | Bond Am | Cnts | Wrrnt | Capias |
|---|---|---|---|---|---|---|---|---|
| 1 | 941.02 | 3818 | FT | OUT-OF-STATE-FUG-REF FUGITIVE FROM JUSTICE | | 1 | [ ] | [ ] |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| 6 | | | | | | | | |
| 7 | | | | | | | | |
| 8 | | | | | | | | |
| 9 | | | | | | | | |
| 10 | | | | | | | | |
| 11 | | | | | | | | |
| 12 | | | | | | | | |
| 13 | | | | | | | | |
| 14 | | | | | | | | |

If Release is Approved, Defendant Should be Electronically Monitored?  NO

If YES, Why?

| Affiant Signature

#347

01/31/2014 18:41 | Arresting Officer Name/Id# SMITH CHRISTOPHER 347 | Arresting Agency/ORI# LEON COUNTY SHERIFF TALLAHASSEE FL0370000 |
|---|---|---|

| JAIL USE ONLY | | | | |
|---|---|---|---|---|
| [ ] Courthouse | [ ] State Attorney | [ ] County Jail | [ ] | **EXHIBIT D** |

30

# SECOND JUDICAL CIRCUIT
## ARREST/PROBABLE CAUSE AFFIDAVIT

2/3

| Defendant's Name | Race | Sex | D.O.B. | Agency Report# |
|---|---|---|---|---|
| CHANEL, TOBY J | W | F | 01/07/1942 | 140011560 |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant on Friday January 31ST 2014, at approximately 17:33, at 301 E CAROLINA ST did the following violation of law:

On 31 January 2014 at 1647 hours, I was dispatched to 301 E. Carolina Street regarding a fugitive from justice. Upon arrival, Sgt. D. Tate # 144, who also responded, and I made contact with the subject on the second floor. She identified herself as Victoria-Joy Godwin DOB/01-07-42 and she later confirmed her identification, via passport. While talking to the subject, she confirmed that she has used "Toby Jean Chanel DOB/01-07-42" as an alias in the past. I had teletype conduct a FCIC/NCIC check of both names (Victoria-Joy Godwin and Toby Jean Chanel DOB/01-07-42). Additionally, I conducted a Rapid ID check of the subject's fingerprints. The Rapid ID check revealed "No Hit" and the FCIC/NCIC check conducted by teletype revealed an active Felony warrant from the Ventura County Sheriff's Office (Ventura, California) for the original charge of Forgery X 2, warrant # 2000819. Ms. Chanel advised she was aware of the warrants, but stated the charges were dropped the last time she was in jail. I had teletype send a confirmation for the warrant and extradition. The warrant and extradition was confirmed. I placed the subject under arrest for the active warrant and secured her in double locked handcuffs (in front), for safety reasons. I then secured her in my patrol car; seat belted her in, and transported her directly to the Leon County Jail without incident.

| Affiant Signature 347 | Arresting Officer Name/Id# SMITH CHRISTOPHER 347 | Arresting Agency LEON COUNTY SHERIFF TALLAHASSEE FL0370000 |
|---|---|---|

| Sworn to and subscribed before me this Friday of January 31ST 2014 | Certifying Officer |
|---|---|

| Detention facility Leon County Jail 535 Appleyard Drive, Tallahassee, FL 32304 | Arrest Date/Time 01/31/14 17:33 |
|---|---|

| Booking Officer | Bond Amount | Aggravating Factors |
|---|---|---|

31

# SECOND JUDICAL CIRCUIT
## VICTIM INFORMATION

3/3

| # | FDLE Statute | Victim's Name | Victim's Address | Home# | Work# |
|---|---|---|---|---|---|
| 1 | 941.02 | STATE OF FLORIDA | 2825 MUNICIPAL WAY, TALLAHASSEE FL 32304 | . | (850)606.3300 |
| | | | | | . |

| Affiant Signature | Arresting Officer Name/Id# | Arresting Agency |
|---|---|---|
| *347 | SMITH CHRISTOPHER 347 | LEON COUNTY SHERIFF TALLAHASSEE FL0370000  Agency Report#:  140011560 |
| Detention facility  Leon County Jail 535 Appleyard Drive, Tallahassee, FL 32304 | | Arrest Date/Time  01/31/14 17:33 |

| Booking Officer | Bond Amount | Aggravating Factors |
|---|---|---|
| | | |

32

```
=========
Received: 2014-01-31 17:32:01     MSG-NBR: 00214  MNE: S37000002
    ATTN: SYSTEM GENERATED HEADER


--RETRIEVED MESSAGES--

4 MESSAGE(S) FORWARDED FROM S37000001

            S3700000100SYSTEM GENERATED HEADER                        0
    20140131173000232
--NLETS--
YR.CA0560000
15:30 01/31/2014 53284
15:30 01/31/2014 31362 FL0370000
*VTS0L04UF2
TXT
****HIT CONFIRMATION RESPONSE****
 THE RECORD BELOW:IS CONFIRMED
OCA/CR38907.NIC/W286511145.
*** WANTED PERSON ***
NAM/CHANEL,TOBY.DOB/19420701.SEX/M.
NAME OF CONFIRMER:  JASON STEPHENS
CONFIRMING AGENCY:   VENTURA COUNTY SHERIFFS
PHONE:  (805)654-3555
FAX:    (805)658-4533
REMARKS:  THIS DEPT HOLDS FELONY WRNT #2000819. PER SR DEP JASON STEPHENS WE W
ILL EXTRADITE. ABSTRACT TO FOLLOW..-
          00000S370000010N                                            0
    20140131172000226
--NLETS--
DR.CAOLN0000
15:20 01/31/2014 52382
15:20 01/31/2014 31091 FL0370000
*0314650026
TXT
MATCHED ON:*L/N*F/N* MI* BD
NAME/CHANEL TOBY J
ADDR/3381 STEVENS CREEK BLVD. SAN JOSE, CA.
AKA NAME/GRIFFITH BARBARA
SEX/ . DOB/070142. HGT/UNK. WGT/UNK. HAI/UNK. EYE/UNK.
OLN/NONE.
INDEX NUMBER X8975060. NO PERMANENT OLN ISSUED.
RSTR:NONE
STATUS:NO VALID OLN
END.-
          00000S370000010N
    20140131171500221QW  FL0370000TOBY                             CHA
NEL                                                                  1
9420107FW
  Y
--NCIC--
1L01FLS0314646348
FL0370000
***MESSAGE KEY QWA SEARCHES ALL NCIC PERSONS FILES WITHOUT LIMITATIONS.
MKE/WANTED PERSON
EXL/1 - FULL EXTRADITION
ORI/CA0560000 NAM/CHANEL,TOBY JEAN SEX/F RAC/W POB/PA
DOB/19420701 HGT/506 WGT/170 EYE/HAZ HAI/GRY FBI/732097FA5
MNU/0A-BI240823
OLN/A0363335 OLS/CA OLY/2009
OFF/PROB VIOLATION - SEE MIS
```

33

```
OOC/COUNTERFEITING
DOW/20040924 OCA/CR38907
MIS/EXTR - ORG CHRG FORGERY X2 8056542365
DNA/N
ORI IS VENTURA CO SO VENTURA 805 654-2369
DOB/19420107
AKA/GRIFFITH,BARBARA
NIC/W286511145 DTE/20040924 2059 EDT DLU/20091217 0729 EDT
IMMED CONFIRM WARRANT AND EXTRADITION WITH ORI
--FCIC HIT RESPONSE--
QW : NO RECORDS FOUND
--END--
        00000S370000010NS347                        228
    20140131172400228YQ  FL0370000CA0560000WP1UCR38907              W286511145
                                        TOBY              J
    CHANEL                                  19420701
                                                    MATTHEW
                    EVERETT                           CDA
                    F                                               8
506065800        WE ARE OUT WITH THIS SUBJECT, PLEASE CONFIRM WARRANT AN
D IF YOU WILL EXTRADITE
--NLETS--
YQ MESSAGE HAS BEEN SENT TO NLETS.
--END--
--END--
```

34

```
=========
Received: 2014-01-31 17:42:08     MSG-NBR: 00215   MNE: S37000002
    ATTN: SYSTEM GENERATED HEADER


--RETRIEVED MESSAGES--

1 MESSAGE(S) FORWARDED FROM S37000001

            S3700000100SYSTEM GENERATED HEADER                        0
    20140131173900236
--NLETS--
YR.CA0560000
15:39 01/31/2014 54241
15:39 01/31/2014 31632 FL0370000
*VTS0L05G7Z
TXT
****HIT CONFIRMATION RESPONSE****
 THE RECORD BELOW:IS CONFIRMED
OCA/CR38907.NIC/W286511145.
*** WANTED PERSON ***
NAM/CHANEL,TOBY.DOB/19420701.SEX/F.
NAME OF CONFIRMER:  JASON STEPHENS
CONFIRMING AGENCY:  VENTURA COUNTY SHERIFFS
PHONE: (805)654-3555
FAX:   (805)658-4533
REMARKS:  THIS DEPT HOLDS FELONY WRNT #2000819. PER SR DEP JASON STEPHENS WE W
ILL EXTRADITE. ABSTRACT TO FOLLOW. ***CORRECTION*** SEX IS FEMALE..-
--END--
```



## PremierOne Records CFS Detail

**Case No.: 140011560**
Click on the Case Number to view case in Laserfiche.

| | | | |
|---|---|---|---|
| **Case No.:** | 140011560 | **LCSO Incident No.:** | SO1400011560 |
| **Received:** | 1/31/2014 12:06:47 PM | **Arrived:** | 1/31/2014 12:21:46 PM |
| **Dispatched:** | 1/31/2014 12:09:32 PM | **Cleared:** | 1/31/2014 7:10:46 PM |

| **Response** | | **Contact** | |
|---|---|---|---|
| **Call Type:** | 129D - SUSPICIOUS OR WANTED | | |
| **Desc:** | WESTMINSTER GARDENS RETIREMENT APTS | **Name:** | GINA MORA |
| **Address:** | 301 E CAROLINA ST | **Address:** | |
| **City:** | TALLAHASSEE, | **City:** | |
| **Zone:** | NE6 | **Phone #:** | 8502248021 |

| **Subjects** | **Vehicles** |
|---|---|
| Name: GINA MORA Sex: Age: Phone: 8502248021 Address: | No Vehicles Found |
| Name: VICTORIA JOY GODWIN Sex: F - Female Age: 72 Phone: Address: 301 E CAROLINA ST 202 TALLAHASSEE | |

**Method:** Phone - Phone

**Officers:**

11169 - McMullen, Heath SO/S332
11193 - Tate, Dennis SO/S144
11193 - Tate, Dennis SO/S144
11383 - Smith, Chris SO/S347
10167 - Dawkins, Bill SO/S62
11169 - McMullen, Heath SO/S332
11193 - Tate, Dennis SO/S144
11193 - Tate, Dennis SO/S144
11383 - Smith, Chris SO/S347
10167 - Dawkins, Bill SO/S62
11169 - McMullen, Heath SO/S332
11193 - Tate, Dennis SO/S144
11193 - Tate, Dennis SO/S144
11383 - Smith, Chris SO/S347
10167 - Dawkins, Bill SO/S62

**Disposition:**

**Dispositions:**

| Unit ID | Unit Disposition | Is Primary | Disp Comments |
|---|---|---|---|
| SO/S144 | S - UNABLE TO LOCATE SUSPECT | N | |
| SO/S332 | S - UNABLE TO LOCATE SUSPECT | Y | |
| SO/S62 | 202N - BACK UP NOT APPLICABLE | N | |
| SO/S62 | B - NO REPORT WRITTEN | N | |
| SO/S144 | 202N - BACK UP NOT APPLICABLE | N | |
| SO/S144 | B - NO REPORT WRITTEN | N | |
| SO/S347 | B - NO REPORT WRITTEN | Y | |
| SO/S347 | 149F - WANTED PERSON FELONY | Y | |

**Comments:**

| | |
|---|---|
| 2014-01-31T12:10:11.933 | Pers Pers: RETIREMENT CTR ADMINISTRATOR |
| 2014-01-31T12:10:11.933 | Pers Pers: THIS NAME IS AN ALIAS. HER REAL NAME IS TOBY JEAN CHANEL |
| 2014-01-31T12:11:00.697 | Pers 99f765b8-cd1c-4b5e-a0bd-018feac3dd1b: THIS NAME IS AN ALIAS. HER REAL NAME IS TOBY JEAN CHANEL. SHE LIVES ALONE. UNK IF SHE HAS ANY WEAPONS IN THE APT |
| 2014-01-31T12:11:14.830 | Pers 2|GODWIN, Victoria: THIS NAME IS AN ALIAS. SHE IS A SOVEREIGN CITIZEN. HER REAL NAME IS TOBY JEAN CHANEL. SHE LIVES ALONE. UNK IF SHE HAS ANY WEAPONS IN THE APT |
| 2014-01- | Reopen: M |

36

PremierOne Records CFS Detail

| 31T16:46:12.230 | | |
|---|---|---|
| 2014-01-31T12:06:47.393 | C11512 | COMPL IS THE CENTER ADMINISTRATOR. THERE IS A RESIDENT WHO LIVES IN APT 202 WHO IS POSSIBLY A FUGITIVE OUT OF CALIFORNIA. HER NAME IS VICTORIA JOY GODWIN, WF, 01/07/42. THAT IS POSSIBLY AN ALIAS NAME. HER REAL NAME IS POSSIBLY TOBY JEAN CHANEL. COMPL ADV THE SUBJ IS A SOVEREIGN CITIZEN. SUBJ LIVES ALONE IN HER APT. COMPL DOES NOT KNOW IF SHE HAS ANY WEAPONS. COMPL HAS CONTACTED A SHERIFFS OFFICE IN CALIFORNIA AND THEY TOLD HER THAT THERE IS A WARRANT FOR THE SUBJ. COMPL HAS DONE A GOOGLE SEARCH AND HAS MORE INFO AND HAS PICTURES THAT ARE POSSIBLY OF THE RESIDENT. MEET W/THE COMPL IN THE FRONT OFC. OPER RAN BOTH NAMES AND THE SUBJ DOES NOT HAVE A LISTING IN CJIS. UNDER THE NAME OF TOBY JEAN CHANEL THERE IS A WARRANT OUT OF VENTURA CSO IN VENTURA, CA FOR FORGERY X2. THE INFORMATION HAS BEEN RELAYED TO S144-TATE. COMPL ADV THAT THE SUBJ HAS WRITTEN OVER 100 AGGRESSIVE LETTERS TO HER AND THE CORPORATE OFC AND THAT THEY WENT TO COURT BC OF NON-PAYMENT ON 01/23/14. PER S144, SEND S332-MCMULLEN AND S347-SMITH. |
| 2014-01-31T17:59:34.857 | C11529 | EM/29350.7 |
| 2014-01-31T17:41:01.010 | c81439 | SM/29346.2 BAR/229 |

37

Victoria-Joy Godwin
E. Carolina #202
Tallahassee, FL 32301

February 4, AD2014

Sheriff Larry Campbell
2825 Municipal Way, Tallahassee, FL 32304
(850) 922-3300

Dear Sheriff Campbell,

It is with great pleasure that I send you the following commendation for the behaviors of your deputies, most of whom you can be extremely proud.

To say that I was in a state of shock, would be to put it mildly, yet, not one of them with whom I came in contact, was oppressive or abusive. I did encounter one female who was extremely condescending and very snide, but I will not name her because she may just have been having a bad day, although I suspect her training may have attempted to diminish that habit. However, I will let you know which comments I found offensive, so that in your next training session, you will be able to address them with the appropriate caution to avoid them in the future, because not everyone who is in there, actually is a hardened criminal. This kind of training could also reduce the negative attitude I found to be pervasive amongst the inmates, although I considered the source. Because I had been taken Saturday morning to the 'First Appearance,' I was given a bag lunch and told that I would not be given a tray at lunchtime. Since I was too upset to eat anyway, this did not bother me. However when I inquired of this particular deputy as to the procedure for possibly receiving a tray for dinner "because this would be the first time I was eating here", her comment was "you ate here earlier, didn't you?" In effect, this called me a liar. I had just stated that I had NOT eaten in that facility up to this point, and her comment was extremely accusatory. Shortly thereafter, when the call for dinner released me from my room, I went to look at the tray to see if there was something I could convince my stomach to accept a small amounts of, when the trustee serving asked me where my utensils were. The deputy allowed me to go get them and when I asked the trustee what the purpose of the cup was, because being partially blind, I did not see the container holding the beverage, which was seated in a dark corner low to the ground, the deputy snidely remarked "the spoon is for eating and that cup is for drinking." Would you agree that even if I were a mental retard, I would not need to be spoken to in that manner?

As you can see from the enclosed affidavit I had a friend type over the jail telephone (which you have either through a monitor or on the taped telephone conversations when I dictated words), my state of mind was extremely fragile, causing me to not eat or drink or sleep for the first 36 hours I was in your facility. You should also recognize that I am not a mental retard and that knowing what to do with the utensils was merely a matter of protocol, and NOT an issue of ignorance. I give you this so you can now compare it with the behaviors of those who do the job with which they are entrusted, with pride, humility, and a sense that everyone is innocent until proven guilty. I was extremely impressed with Deputy Safford, who escorted me out after my release when the call came in that I would not be extradited, because she demonstrated such a high degree of non-judgmental-ism, that I absolutely had to single her out and perhaps, recommend that she train others to develop that quality, if it is possible. The remainder of the commendation speak for themselves. Only one contains a very, very important caution, because it was a misunderstanding

*38*

(and therefore false statement) that was incorporated into an affidavit of probable cause. In the meantime, I thank you for continuing to maintain the level of professionalism that your organization demonstrates, as a whole.  I know it is impossible to achieve perfection within any large organization, but find that most of those who are not truly happy doing their job, are performing by rote, rather than sincere desire to serve and a genuine pride for doing something good for society.

For your information, the cacophony of noises in the pods makes it extremely difficult to hear and understand what a deputy is requesting. Perhaps it was only 27 & 28A where that is true, because of the way those cells are angled in comparison to the deputy's station, but if you have had repeated problems with deputies reporting inmates not following orders, you might stand in either of those two rooms while they give their commands to a room full of chattering inmates, to see if you have any difficulty. I may be partially blind, but my hearing has always been extraordinary, so it just may have been the fact that I was in great fear that an agency who had beaten me and threatened to kill me was coming to get me that may have diminished my usually sensitive capacity. However, I offer it to you because you seem to be the kind of leader others look up to, or your staff would not be as commendable as they are.

Sincerely yours,

/s/

Victoria-Joy Godwin

39

TO WHOM IT MAY CONCERN:

February 7, AD2014

In re: COMMENDABLE PERFORMANCE OF **SERGEANT TATE**

It is frequently said that law enforcement personnel are just doing their job. If that were the case, there would be no need to write about Sergeant Tate.

From my short time with him, even though he was just doing his job in arresting the on a warrant that he had no reason to believe was fraudulent, despite MY protestations, I recognized this man as having a heart and soul.  He allowed me to tell my side of the story, which is elucidated in the attached affidavit, and while his duties do not permit him to take sides, he listened and did not judge me. In fact, I could tell he believed me. If you read the affidavit, you will probably agree that those kinds of details cannot be made up. I would like Sergeant Tate to be offered the opportunity to read the affidavit, if for no other reason than to confirm that his instincts were correct in recognizing that I was not manufacturing what I told him. He may find some small detail in there that will surface when he encounters someone else.

The other thing I would like to commend his Sergeant Tate's handling of my fear. He seemed to know that while I admitted I was afraid of what the other residents in this apartment building would think, because they did not or could not possibly know the retaliation that I was suffering from a staff trying to cover up my discovery of their activities defrauding HUD, Sergeant Tate allowed me to defuse some of my gut fear by allowing me to talk, not handcuffing me as if I were a threat (I am partially blind and 72 years old), and not shoving me into a car where no one would listen. In this, he showed that he cared and allow me to work through the shock that was camouflaging my fear. As you can see from the affidavit, my fear was real. Sergeant Tate acknowledged the fact that law enforcement often makes mistakes. While he and I both knew that he was relying on the records of another law enforcement agency, still admitted that I sounded credible. The fact that no one came to extradite me, in spite of the fact that the alleged warrant was marked 'no bond,' along with the delineated facts in the affidavit, demonstrate his innate sense of justice and fair play. It is true that your release deputy admonished me that the warrants may still be in the system and that he did not know the reason no one would come to get me. This is why I dictated the affidavit over the telephone in the jail, so that the Leon County Court judge who had to make a determination as to the validity of the warrant, would have the other side of the story in admissible evidence form. That is why it may be beneficial for Sergeant Tate to look at that affidavit, so he could continue to trust his instincts that mistakes ARE made, as, if I was truly such a bad horrible person, the new guard at that County (most likely are not the ones I named in the 1992 lawsuit) would not have passed the opportunity to collect me.

Thank you for promoting Sergeant Tate to his current status, and please keep him in mind when you seek someone who has reliable instincts and a sense of justice.

Victoria-Joy Godwin

40

TO WHOM IT MAY CONCERN:

February 7, AD2014

In re: COMMENDABLE PERFORMANCE OF **DEPUTY SMITH**

Deputy Smith was kind and courteous throughout his handling of a very sensitive situation. Not only was he aware of my fear, he seemed to sense the inner terror I was experiencing beneath my external shock.  He did not handcuff me nor allow me to be stuffed into a squad car without being listened to. He also helped to alleviate some of my terror once we got to the booking station, because he informed me of the details on the warrant, which enabled me to seek a remedy. Had he not understood how important it was for me to plan my steps for release, he could have ignored every request I made to be told what the warrant was about. The fact that he did not, shows a non-judgmental side of him which reflects that he truly was doing what he said, i.e., just doing his job.

Perhaps I could be allowed to make one suggestion and that is that, before deputy Smith inputs his affidavit of probable cause into the permanent record, he might double check his perceptions through another officer at the scene, in this case, Sergeant Tate. I can assure you, that at no time, did I ever say that I was aware of the warrant, because as you can see from the affidavit, I clearly was not.  That is certainly a crucial factor, and, since Sergeant Smith swore to this in an affidavit of probable cause, could have harmed me because it could have shown an intent to hide, which was not there.  If it is at all possible, I am requesting a correction of that document, since it is a matter of record.

Other than that, Deputy Smith reflected a truly professional demeanor and a human side that cannot be denied.

Victoria-Joy Godwin

41

TO WHOM IT MAY CONCERN:

February 10, AD2014

In re: COMMENDABLE PERFORMANCE OF **DEPUTY HAYES**

While I was still in your custody, the kindness of Deputy Hayes was so noticeable, that I wrote a hand-written commendation on tablet paper with pencil, and gave it to her. I do not know what she did with it, but I cannot imagine that she discarded it. Therefore, I would refer you to that particular document as it is extremely reliable since it was memorialized at the time of the contact I had with this deputy.

Because I was still in severe shock over what had just transpired, especially since it is triggering memories of extremely unpleasant occurrences through posttraumatic stress syndrome, I can only say that my general overall feelings about Deputy Hayes is that she, while remaining firm, takes her duties seriously. Most of what I wrote in the hand-written note, had to do with what she did not do, which was comparing her to others. My best recollection is that, in spite of inmates disrespecting her and being loud and boisterous, she utilized every aspect of her training to obtain compliance. The acoustics in that pod are terrible, and when a deputy has to raise her voice, and speaks at normal speed, it is still difficult to understand, unless you have been there a while and know the routine of what is coming next. Yet, when I use the intercom to ask Deputy Hayes to repeat what she had just said or to clarify what that particular request meant, she demonstrated a patience and understanding that his commendable. Even though her work routine kept her in a constant flow of activity, she managed to take the time to guide me through what was required, and I am most grateful for her sensitivity.

You can be very proud to have Deputy Hayes on your staff.

42

TO WHOM IT MAY CONCERN:

February 10, AD2014

In re: COMMENDABLE PERFORMANCE OF **DEPUTY SAFFORD**

As mentioned above in the main body of letter to you, I found Deputy Safford to be helpful, kind, patient, and very resourceful. Perhaps the releasing deputy left her know that the entity who allegedly had the warrant out on me was not coming to extradite me, and she may have concluded that I was illegally incarcerated due to that ERROR.  That notwithstanding, when she found out I had been brought in without any money and was partially blind and was approximately 5 to 8 miles from home, she made every effort to find the chaplain to get me a bus pass. When we waited for him to return from his lunch hour, and he did not appear, she informed me that I might have to wait a little longer while she sought another remedy. Even though she believed she had to put me into a holding cell while she obtained a bus pass, she remained extremely aware of how uncomfortable that was, and kept assuring me she was going to help me one way or the other.

Deputy Safford is a reflection of your leadership, no doubt, and I would like you to know you would not be making a mistake in keeping your eye on this woman for serving your organization in other ways.

Victoria-Joy Godwin

43

Victoria-Joy Godwin
E. Carolina #202
Tallahassee, FL 32301
(702) 560-9803

February 24, AD2014

Sheriff Larry Campbell
2825 Municipal Way, Tallahassee, FL 32304
(850) 922-3300

Dear Sheriff Campbell,

Enclosed please find two additional letters, each bearing a different request. In the event they must be directed to different departments, I am separating them by topic.

In the meantime, please take note how efficient, kind, and courteous your record-keeper, Nancy, has performed. Thinking that I would have to wait several days to several weeks for the information I was requesting, I was quite surprised to find that information emailed to me within hours.

Not only that, when I explained to Nancy that I needed to correct a record in California based on the report that was made to you, she was kind and sympathetic. When I told her that I was 72 years old and partially blind and would either have to take three buses or give Dial a Ride a 24-hour notice to pick the information up and obtain a money order to deliver for the cost, Nancy offered to email me the information if it was not too burdensome.

She patiently waited while I struggled with my restricted vision on the website, and she demonstrated a sincere desire to help because she understood how crucial the information was to me.

You can be very proud of her work and her humanity.

Sincerely yours,

/s/

Victoria-Joy Godwin

44

Victoria-Joy Godwin
E. Carolina #202
Tallahassee, FL 32301
(702) 560-9803

February 24, AD2014

Sheriff Larry Campbell
2825 Municipal Way, Tallahassee, FL 32304
(850) 922-3300

## NOTICE OF INACCURATE RECORD AND REQUEST TO CORRECT IT

Dear Sheriff Campbell,

Your office is currently maintaining an inaccurate record.  This record has the potential to injure me because it will eventually find its way into the federal habeas corpus I plan to file within a week, and it bears an affidavit signed by Deputy Christopher Smith under penalty of perjury, giving it great credibility.

In that affidavit, Deputy Smith asserts that the undersigned admitted an awareness of an outstanding warrant from California. My recollection of the arrest event with Deputy Smith and Sergeant Tate was that I was stunned and shocked to find there was a warrant. In fact, I reiterated at least five times that I could not tell these deputies how shocked I was about that warrant.

Please consider this a request to cure that record by whatever means or procedure you use when you discover an error has been made. I am willing to come in and take a lie detector test, and/or meet with both Deputy Smith and Sergeant Tate, in your presence, to reconstruct the events of the afternoon of January 31, AD2014.

Thank you for your time and effort on my behalf.  Having observed your department in action, I am certain that there is no deliberate intent to harm me.  However, that will be the result of the failure to ensure that this record is corrected.

Sincerely yours,

/s/

Victoria-Joy Godwin

45

Victoria-Joy Godwin
E. Carolina #202
Tallahassee, FL 32301
(702) 560-9803

February 24, AD2014

Sheriff Larry Campbell
2825 Municipal Way, Tallahassee, FL 32304
(850) 922-3300

Dear Sheriff Campbell,

Would you please initiate an investigation into the report that was made to you by Gina Mora which resulted in my arrest on January 31, AD2014?

Since I am unfamiliar with Florida law, I do not know if there is an equivalent to California Penal Code §125, which states "he who makes a statement he does not know to be true makes the equivalent of a statement the notes to be false."

Because the report that Gina Mora saw online came with a disclaimer and she ignored that disclaimer, it seems to me that she gave false information to your deputies, which I believe is a crime in Florida. Not only that, she certified that the undersigned had sent 100 aggressive letters to her and her Corporation. Enclosed please find a copy of a Request to Produce Documents, which was mailed Friday to her attorney, seeking the production of those alleged 100 letters, which the undersigned knows for certain does not exist. Since that is false, and I can prove it, it demonstrates the malicious intent to lie to your deputies was deliberate and willing.

If I can assist you in any way in resolving this issue to prevent someone from attempting to utilize law enforcement officers to take their adversary out of the picture, please let me know, as I am willing to help catch all miscreants and reprobates, regardless of their status in society. That has been the goal of my ministry since I began it in 1998.

Sincerely yours,

/s/

Victoria-Joy Godwin

46

**Proof of Service**

I, the undersigned, declare that I am over the age of eighteen (18) years and not a party to

this action.  My business address is:   5130 S Fort Apache Rd. #215-262, Las Vegas,

Nevada  89148.

On March 10, 2014,   I served the following document:

PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 USC 2241

**on the party's addressed as follows:**

Ventura County District Attorney, 800 S. Victoria, Ventura, CA  93009

and

Clerk of the
United States District Court for the Central District of California, Western Division, United States Courthouse,
312 North Spring Street, Los Angeles, CA 90012-4701
Attention: Intake/Docket Section

BY MAIL:  I placed a true copy of the documents described above in a sealed envelope addressed as

indicated above and deposited said envelopes with the U.S. Postal Service on the date specified above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was

executed on March 10, 2014          at Las Vegas, Nevada
               (Date)                                  (City, State)

Kelly I Alexander, a Notary Public

47



Victoria-Joy Godwin
5130 South Fort Apache Road
#215-262
Las Vegas, Nevada 89148-1719

$0 chk

Clerk of the United States District Court for the Central District of Calif.
United States Courthouse
312 North Spring Street
Los Angeles, California 90012
ATTENTION: Intake/Docket Section

PRIORITY MAIL ®
UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107, January 2008

UNITED STATES POSTAL SERVICE ®
USPS TRACKING #
9114 9011 8986 6884 6831 26
Label 400 Jan. 2013
7690-16-000-7948

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 1 2 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

U.S. POSTAGE PAID
NORTH LAS VEGAS, NV
89031
MAR 10, 14
AMOUNT
$7.50
90012
0001590S-24
1024