GREGORY D. TOTTEN
District Attorney
LISA O. LYYTIKAINEN (SBN 180458)
Senior Deputy District Attorney
800 S. Victoria Avenue
Ventura, CA 93009
Telephone (805) 654-2710
FAX (805) 645-1313
Lisa.Lyytikainen@ventura.org
Attorneys for Respondent

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA-JOY GODWIN,<br>a.k.a. TOBY JEAN CHANEL,<br><br>Petitioner,<br>vs.<br><br>VENTURA COUNTY DISTRICT ATTORNEY,<br><br>Respondent. | CV 14-2034-JVS (CW)<br><br>MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

TO THE HON. CARLA WOEHRLE, UNITED STATES MAGISTRATE JUDGE:

Pursuant to the April 11, 2014 Order Requiring Response to Petition for Writ of Habeas Corpus, the District Attorney of the County of Ventura, on behalf of respondent, files this Motion to Dismiss on the grounds that it is unexhausted and moot.[1]

A true copy of relevant entries in the Superior Court Docket Report in *People v. Chanel*, case number CR38907 (1995001779) is attached hereto as Exhibit 1.   A true copy of the Case Docket Entries

---

[1] Petition was filed pursuant to 28 U.S.C. §2241. Because petitioner challenges state custody, it appears the claim should have been filed pursuant to 28 U.S.C. §2254.

**ORIGINAL**

1    regarding Petitioner's petition for certiorari filed in the Second District
2    Court of Appeal, case no. B108614, is attached hereto as Exhibit 2. A true
3    copy of the search for related actions filed in the California Supreme Court
4    is attached hereto as Exhibit 3. A true copy of Ventura County Superior
5    Court Minute Order of conviction in case CR38907 (1995001779) is
6    attached hereto as Exhibit 4. A true copy of the Ex parte declaration of
7    probation officer Request for Warrant filed on 9/24/04 is attached hereto as
8    Exhibit 5. A true copy of the Ventura County Sheriff's Department
9    Warrant Information Report is attached hereto as Exhibit 6. A true copy of
10   Ventura County Superior Court Minute Order for 4/30/14 recalling the
11   warrant and terminating probation is attached hereto as Exhibit 7.

12          Pursuant to Local Rule 7-15, Respondent waives oral argument on
13   this Motion.

14
15               MEMORANDUM OF POINTS AND AUTHORITIES
16                     PROCEDURAL HISTORY
17

18          On May 9, 2003, petitioner pled guilty to two felony violations of
19   Penal Code section 470(d) - forgery, in Ventura County case no. CR38907
20   (1995001779). Based upon the plea, on June 9, 2003, petitioner was placed
21   on 48 months of probation, with 113 days jails (deemed served), assessed a
22   $200.00 restitution fine and a $120 criminal justice administrative fee. She
23   accepted and agreed to the terms of probation. (Exhibit 1 at 9 - 12; Exhibit
24   4.) On December 29, 2003 petitioner failed to make payment toward her
25   fines and fees and a letter was sent by the court requesting payment
26   arrangements be made. (Exhibit 1 at 13.) On September 24, 2004 an ex-
27   parte declaration of Probation Officer was filed alleging a violation and
28   requesting a warrant be issued. (Exhibit 1 at 14, Exhibits 5 and 6.) On

1    September 24, 2004 the Superior Court of Ventura issued a no bail warrant
2    for petitioner. (Exhibit 1 at 15 and Exhibit 6.) On April 30, 2014, the
3    Ventura County Superior Court recalled the warrant for petitioner and
4    terminated her probation. (Exhibit 7.)

5         A search of the Ventura County Superior Court docket in case
6    CR38907 (1995001779) does not indicate that Petitioner has filed a petition
7    for habeas corpus or any other means of review of the current claim.
8    (Exhibit 1.)[2]

9         A search of the Second District Court of Appeal records associated
10   with petitioner and/or case CR38907 (1995001779) revealed  a petition for
11   writ of certiorari was filed in Division Six on January 13, 1997 connected
12   to the criminal case: *Chanel v Ventura County Superior Court*, No.
13   B108614.  Based upon the Court's docket entries and dates, it appears the
14   petition for certiorari was unrelated to the current claim.

15        It also appears Petitioner failed to seek review of the current claim
16   in the California Supreme Court. A search of the court website does not
17   locate any filings by petitioner in conjunction with the criminal case.
18   (Exhibit 3.)

19   <u>PETITIONER'S CONTENTIONS</u>

20   <u>Ground One</u>:  Denial of due process for failure to notify petitioner
21   of outstanding arrest warrant and provide opportunity to cure. (Pet. at 9.)

22   <u>Gound Two</u>:   Unintelligible federal claim. The statement listed
23   appears to be argument with regard to Ground One. (Pet. At 10.)

24   _____

25   [2] Petitioner indicated she presented the grounds raised in all appeals that were available to
26   her. (Petn., at 9, 10 and 11.) The People have been unable to locate any challenges filed
27   in State Courts regarding the Due Process claim connected to the warrant issued on
28   9/24/04.

1     <u>Ground Three</u>:  Unintelligible federal claim. The statement listed
2 appears to be argument with regard to Ground One. (Pet. At 10.)

3     <u>Ground Four</u>:  Unintelligible federal claim. The statement listed
4 appears to be argument with regard to Ground One. (Pet. At 11.)

5     <u>Ground Five</u>:  Unintelligible federal claim. The statement listed
6 appears to be argument with regard to Ground One. (Pet. At 11.)

7

8 <u>ARGUMENT</u>

9

10 PETITIONER HAS FAILED TO EXHAUST STATE
11 COURT REMEDIES AS TO HER CURRENT CLAIM

12

13     As noted above, the instant Petition contains only one discernible
14 federal claim.  As will be set forth below, Petitioner failed to present her
15 Due Process claim to the California Supreme Court, and thus the instant
16 Petition must be dismissed.

17

18     A.  <u>The Applicable Law</u>
19     Exhaustion of state remedies is a prerequisite to a federal court's
20 consideration of claims sought to be presented in federal habeas corpus.  28
21 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30
22 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).
23 To satisfy the state exhaustion requirement, the petitioner must fairly
24 present her federal claims to the state's highest court.  *Rose v. Lundy*, 455
25 U.S. 509, 515, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

26     A claim has not been fairly presented unless petitioner has
27 described in the state court proceedings both the operative facts and the
28 federal legal theory on which his contention is based.  *See Gray v.*

1  *Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457
2  (1996); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).  Indeed, "fair
3  presentation" requires that a petitioner expressly alert the state's highest
4  court to the federal basis of her claim by "citing in conjunction with the
5  claim the federal source of law on which he relies or a case deciding such a
6  claim on federal grounds, or by simply labeling the claim 'federal.'"
7  *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64
8  (2004) (finding that "ineffective assistance of appellate counsel" claim was
9  not fairly presented to the state's highest court because the petitioner did
10 not properly alert the court to the federal nature of the claim).

11         The petitioner has the burden of demonstrating she has exhausted
12 available state remedies.  *Williams v. Craven*, 460 F.2d 1253, 1254 (9th
13 Cir. 1972); *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

14         The fact that a procedural bar might prevent the petitioner from
15 returning to state court for a ruling on the merits of her unexhausted claim
16 "in no way nullifies the fact that he had an adequate state remedy that has
17 not been exhausted." *Tamalini v. Stewart*, 249 F.3d 895, 899 n.2 (9th Cir.
18 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 749-50, 111 S. Ct.
19 2546, 115 L. Ed. 2d 640 (1991)).

20
21     B.  Petitioner's Due Process Claim Is Unexhausted

22         Petitioner contends that the failure to notify her of the outstanding
23 arrest warrant and afford an opportunity to cure it, violated her Due Process
24 guarantees. (Pet. at 9.)   This claim, however, was not presented to the
25 California Supreme Court.  (See Exhibit 3.)  It is thus unexhausted.

26         Petitioner filed no pleadings in the California Supreme Court
27 raising a Due Process claim regarding the outstanding arrest warrant in case
28 CR38907 (1995001779).

1     Accordingly, her claim is unexhausted.

2     C. Dismissal is Appropriate

3     Petitioner had an available state court remedy.  She could have

4 filed a habeas corpus petition in the California Supreme Court, as due

5 process claims may be raised on habeas corpus under California law.  *See*

6 *In re Harris*, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373 (1993); *In re Terry*,

7 4 Cal. 3d 911, 925, 95 Cal. Rptr. 31 (1971); see also Cal. Penal Code §

8 1473.

9     Dismissal is appropriate in the present matter because Petitioner

10 challenges an order based upon a state conviction.  It is a "basic principle of

11 federalism that federal courts should accord due respect to the role of state

12 courts in enforcing the prohibition against unconstitutional confinement

13 embodied in the writ of habeas corpus."  *Sherwood v. Tomkins*, 716 F.2d

14 632, 633 (1983).

15

16                    THE CURRENT PETITION IS MOOT

17     A state reversal of a challenge raised on federal habeas moots the

18 federal proceedings. *Cumbo v. Eyman,* 409 F.2d 400 (9th Cir. 1969.) If

19 petitioner no longer suffers restraint from the judgment being challenged,

20 case will be moot. Mootness occurs when there is no longer a case or

21 controversy under article III, section 2, of the U.S. Constitution. *Spencer v.*

22 *Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998).  A case

23 is not moot until it can be said with certainty that the state court judgment

24 in question will not affect the petitioner's liberty. *Adamson v. Lewis,* 955

25 F.2d 614, 618 (9th Cir. 1992).

26     Following the filing of the habeas petition in the current matter,

27 Respondent had the outstanding arrest warrant recalled and petitioner's

28 probation terminated. (Exhibit 7.)  Petitioner is no longer in State custody

1   nor suffers from the potential of arrest/incarceration based upon the warrant

2   issued on September 24, 2004 in Ventura County. The remedy sought by

3   petitioner has been achieved –the warrant has been recalled and probation

4   terminated. There is no remaining action for this court to take. Therefore

5   the petition is moot.

6

7                          CONCLUSION

8          Based on the foregoing arguments and authorities, the Petition for

9   Writ of Habeas Corpus should be dismissed.

10

11                                Respectfully submitted,

12                                GREGORY D TOTTEN, District Attorney
                                  County of Ventura, State of California
13

14

15   Dated: May 1, 2014           By: _____

16                                LISA O. LYYTIKAINEN
                                  Senior Deputy District Attorney
17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                              ) ss.
COUNTY OF VENTURA     )

       I, Pamela Dixon, say that:

       I am a citizen of the United States over the age of 18 years, a resident of the County of Ventura, and am not a party to the above-entitled action; my business address is 800 South Victoria Avenue, Ventura California; on April 30, 2014, I served the within **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; RESPONDENT'S NOTICE OF LODGING; RESPONDENT'S LODGED DOCUMENTS,** enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Ventura, California, addressed as follows:

                      Victoria-Joy Godwin
                      AKA Toby Jean Chanel
                      5130 S. Fort Apache Road Suite 215-262
                      Las Vegas, NV  89148

       I declare under penalty of perjury the forgoing is true and correct.

Executed on April 30, 2014, at Ventura California.

_____
PAMELA DIXON